IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO.: 24-31933 |
| BUFFALO BAYOU BREWING § | |
| COMPANY, INC § | (CHAPTER 7) |
| Debtor. § | |

**TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Janet S. Northrup, the duly appointed and acting chapter 7 trustee in the above-captioned bankruptcy case (the "**Trustee**"), hereby files her *Trustee's Application to Employ General Counsel* (the "**Application**") and respectfully represents:

1. On April 29, 2024, Buffalo Bayou Brewing Company, Inc (the "**Debtor**") filed for relief under chapter 7 of title 11 of the United States Code, §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Case No. 24-31933. Janet S. Northrup was appointed as the chapter 7 trustee to administer the assets of the Debtor's bankruptcy estate (the "**Estate**").

2. The initial 341 Meeting of the Creditors is scheduled for June 13, 2024.

3. The Trustee wishes to employ the law firm of Hughes Watters Askanase, LLP (the "**Law Firm**") as attorneys for the Trustee, effective April 29, 2024. Heather McIntyre shall act as lead counsel for the Trustee, and Wayne Kitchens and Abdiel Lopez-Castro shall assist in the representation.

4. The Trustee has determined to employ counsel in this case, among other reasons, to assist in potential liquidation of assets, investigation into any possible chapter 5 causes of action, and other related legal tasks.

3107373

5. The Trustee has selected the Law Firm for the reason that the Law Firm has had considerable experience in matters of this character and believes that the Law Firm is well qualified to represent Applicant in this case and, as such, retention of the Law Firm is in the best interest of the estate.

6. Ms. McIntyre has over 10 years of bankruptcy experience including representation of chapter 7 and chapter 11 trustees, debtors, and creditors. Mr. Kitchens has over 35 years of bankruptcy experience and is Board Certified in Business Bankruptcy Law. He has represented chapter 7 and chapter 11 trustees, debtors, creditors, and committees. He has also served as an examiner and mediator. Mr. Lopez-Castro is a newly licensed attorney for the State Bar of Texas.

7. There are a number of firms in the Houston area in whom the Trustee would have the confidence to represent her in this case. However, based upon experience, expertise and other reasons set forth herein, The Trustee considers Law Firm among the best selection.

8. The Trustee now requires the services of bankruptcy counsel to perform the duties of Trustee's counsel. The Trustee proposes that the Law Firm shall perform the following professional services, as applicable and necessary:

   a) to file pleadings with the Court and to represent the estate's interest in regard to any adversaries, appeals, or contested matters before this Court and litigation, mediation and arbitration in other courts, particularly with regard to the estate's interest in various assets and the positions of secured and unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

   b) to analyze, institute and prosecute actions regarding determination and recovery of property of the estate, or of entities owned in whole or in part by the estate, investigation and prosecution of determination and lien perfection, avoidance litigation as well as collection and liquidation of assets of the estate, to the extent such activities would be economically beneficial to the estate;

   c) to assist the Trustee where necessary to negotiate and consummate non-routine sales of the assets of the estate, wherever they may be found, including sales free

        and clear of liens, claims and encumbrances, and to institute any necessary proceedings in regard thereto;

    d)     to institute and prosecute non-routine objections to proofs of claim;

    e)     to coordinate activities with the United States Trustee as appropriate in connection with issues of the integrity of the bankruptcy courts and procedures;

    f)     to aid in the representation of the Trustee in any litigation against the Trustee in the Trustee's official capacity;

    g)     to render legal advice and assistance with regard to matters involving taxation of the estate;

    h)     to collect any judgments that may be entered in favor of the estate; and

    i)     to assist on litigation and/or collection of existing legal claims including association with third-party counsel in pursuing legal claims.

    9.     The Law Firm has not represented the Debtor prior to or during this bankruptcy case. The Law Firm has represented the Trustee in multiple other cases in which she has been appointed as a trustee. The Law Firm has a process to check for conflicts of interest and other connections with respect to the Debtor's bankruptcy case. The Law Firm maintains a database containing the names of current, former, and potential clients. The Law Firm has reviewed and analyzed the Law Firm's database, searching the last six years for the names of each of the creditors identified by the Debtor, the Debtor and the parties in interest listed in the Debtor's schedules and statement of financial affairs in order to determine if any conflict of interest or other connection existed. Except as disclosed below, to the best of Applicant's knowledge after diligent inquiry, the Law Firm has no connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except the following:

    a)     In addition to Janet Northrup, the Law Firm routinely represents Chapter 7, Chapter 11 and Liquidating Trustees, including but not limited to Allison Byman, Randy

3107373        3

        Williams, Catherine Curtis, Chris Murray, Ron Sommers, and Eva Engelhart in their capacity as Chapter 7 Trustees.

b)       In the past, the Law Firm represented Texas Alcoholism Foundation, Inc. in matters adverse to Texas Mutual Insurance but has not done so since 2019. The Debtor listed Texas Mutual Insurance as an unsecured creditor on their schedule E/F at 3.204. Texas Mutual Insurance has not filed a proof of claim in the case.

c)       The law firm previously represented and currently represents Wells Fargo, Wells Fargo/American Servicing Company, Wells Fargo Bank Minnesota N.A. Trustee, Wells Fargo Financial Leasing, Inc., Wells Fargo Bank Litigation Client Services, and Wells Fargo Home Mortgage in foreclosure, compliance, bankruptcy, litigation, real estate, and eviction matters unrelated to the Debtor's bankruptcy estate. The law firm previously represented and currently represents clients in matters unrelated to the Debtor's bankruptcy estate where Wells Fargo Bank, Wells Fargo Bank, Minnesota, N.A., Wells Fargo Financial, or Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Co. was a co-defendant, employee, or interested party. One of the firm's clients has borrowed from Wells Fargo. The law firm has represented clients in the past in matters unrelated to the Debtor's bankruptcy estate, in which the firm's clients were adverse to Wells Fargo Bank NA but has not done so since 2010. The law firm represents a client in a litigation matter where Wells Fargo is the trustee to the client. The law firm has represented itself and an attorney of the law firm in a litigation matter unrelated to the Debtor's bankruptcy estate, where Wells Fargo Bank, Minnesota, N.A. was a co-defendant. In the past, the Law Firm has also represented Wells Fargo Home Mortgage in a garnishment proceeding unrelated to the Debtors but has not done so since 2018. The Debtor listed Wells Fargo as an unsecured creditor on their schedule E/F at 3.224. Wells Fargo has not filed a proof of claim in the case.

Thus, while connections may exist, the Law Firm submits that none of these connections rise to the level of a conflict.

10.       The Law Firm represents no interest adverse to the Trustee or the Estate and the Law Firm's employment is necessary and is in the best interest of the estate.

11.       The Law Firm is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

12.       In the event the Trustee desires for the Law Firm to render any other services to her and the Estate, she will make further application.

3107373       4

5

13. The Trustee certifies that the Law Firm is not being employed to perform duties required to be performed by the Trustee. The Trustee has informed the Law Firm that if Trustee duties are performed, the Law Firm may not be compensated by the Estate.

14. The Law Firm is being employed at the regular hourly rates of the attorneys who will represent the Trustee, which is the same hourly rate as the firm charges for such attorneys in other non-bankruptcy matters. The Law Firm understands that its fees may be reduced or enhanced based on the facts and circumstances of the case including outcomes related to the law Firm's services. Reimbursable expenses will be charged at the amounts incurred and no higher than the rates allowed by the Bankruptcy Local Rules of the Southern District of Texas. Applicant certifies that no payment will be made to the Law Firm except on an order of this Court approving the fees and expenses incurred by the Law Firm.

**WHEREFORE**, the Trustee prays that she be authorized to employ and appoint, effective April 29, 2024, the Law Firm to represent the Trustee as general counsel in the administration of the Estate as set forth in the foregoing Application, and that the Trustee have such other and further relief as is just.

DATE: May 24, 2024.

        Respectfully submitted,

        */s/ Janet S. Northrup*
        Janet S. Northrup, Chapter 7 Trustee
        SBN 03953750
        Total Plaza
        1201 Louisiana Street, 28th Floor
        Houston, Texas 77002
        Phone: 713-590-4200
        Fax: 713-590-4230
        Email: jsn@hwa.com

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing *Trustee's Application to Employ General Counsel* was served on only the United States Trustee, by CM/ECF notification on May 24, 2024, as it is allowed to be submitted ex parte under BLR 9003-1.

        */s/ Janet S. Northrup*
        Janet S. Northrup