IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § § **BUFFALO BAYOU BREWING COMPANY, INC** §       Debtor. § § | § CASE NO. 24-31933 § § § CHAPTER 7 § |
| **JANET S. CASCIATO-NORTHRUP, CHAPTER 7 TRUSTEE**       Plaintiff. vs. **DANIEL MCLUCAS**       Defendant. | § § § § § Adversary No. _____ § § § § § |

**TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547 & 550**

Janet S. Northrup, the Chapter 7 Trustee for the above-referenced Chapter 7 bankruptcy case and plaintiff herein (the "**Trustee**" or "**Plaintiff**"), files her *Trustee's Complaint to Avoid and Recover Preferential Transfer Pursuant to 11 U.S.C. § 547 & 550* against Daniel McLucas ("**Mr. McLucas**" or "**Defendant**"), and in support thereof, would respectfully submit as follow:

**I.  THE PARTIES**

1.  The Plaintiff, Janet S. Casciato-Northrup, is the duly appointed Chapter 7 Trustee in above-referenced Chapter 7 bankruptcy case (the "**Case**"). The Trustee may be served with pleadings and process in this adversary proceeding through her undersigned counsel.

2.  Mr. McLucas is a resident of Massachusetts and may be served with process at his home address located at 68 Grafton Street, Arlington, Massachusetts 02474 by any means provided for under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

3139674

## II.  RELIEF REQUESTED AND ITS STATUTORY BASIS

3. In between 90 days and one year prior to the commencement of the Case, the Defendant received a payment of $50,000.00 from the Debtor. The Trustee seeks a judgment avoiding and directing the recovery of certain of the transfer totaling no less than $25,000.00[1] from Defendant as an avoidable preferential transfer pursuant to §§ 547 and 550 of the Bankruptcy Code and other applicable law.

## III.  JURISDICTION AND VENUE

4. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the Case is pending before this Court.

## IV.  CORE PROCEEDING

5. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), and (O). Moreover, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## V.  BACKGROUND

A. **PROCEDURAL BACKGROUND**

6. On April 29, 2024 (the "**Petition Date**"), Buffalo Bayou Brewing Company, Inc (the "**Debtor**") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**"), thereby commencing this Case.

---

[1] To the extent the Trustee learns of additional transfers from the Debtor to Defendant, through discovery or otherwise, the Trustee hereby reserves her rights to amend this Complaint to seek the avoidance and recovery of such transfers.

7. Subsequently, the Trustee was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate (the "**Estate**").

**B.  FACTUAL BACKGROUND**

8. Subsequent to her appointment, the Trustee began an investigation into the Debtor's affairs, including, but not limited to, potentially avoidable preferential transfers. Among the potential preferential transfers identified by the Trustee was a payment made from the Debtor to Mr. McLucas between 90 days and one year prior to the Petition Date totaling $50,000.00 (the "**Transfer**"). The Transfer is detailed as follows:

9. On or about September 28, 2023, the Debtor made a payment in the amount of $50,000.00 to Mr. McLucas. The Transfer was made in the form of a wire transfer. More specifically, the Transfer is identified as transaction number 20232710166100 made from the Debtor's Independent Financial Bank account on or about September 28, 2023.

10. Pursuant to 11 U.S.C. § 101(31), the term insider includes, if the debtor is a corporation, a "relative of a general partner, director, officer, or person in control of the debtor[.]" 11 U.S.C. § 101(31)(B)(vi). Mr. McLucas is the father of William McLucas, who is the Debtor's chief executive officer. As such, the Defendant is an insider under 11 U.S.C. § 101(31).

11. Pursuant to 11 U.S.C. § 547(b), the relevant avoidable transfer period is "between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider[.]" 11 U.S.C. § 547(b)(4)(B). The Transfer was made on or about September 28, 2023, approximately 219 days preceding the Petition Date. As such, the Transfer is within the avoidable transfer period for an insider under 11 U.S.C. § 547(b).

12. On August 9, 2024 and May 19, 2025, the Trustee's counsel sent demand letters to the Defendant asserting that the Transfer was avoidable under § 547 of the Bankruptcy Code. To date, the Defendant has not returned the Transfer to the Trustee.

3139674

13. The Trustee asserts that the unsecured creditors in this Case will not be paid in full.

14. Pursuant to § 547(b), based on the Trustee's reasonable due diligence in the circumstances of this Case and taking into account the Defendant's known or reasonably knowable affirmative defenses, the Trustee has determined that $25,000.00[2] of the Transfer (the "**Avoidable Transfer**") is an avoidable preferential transfer pursuant to § 547 of the Bankruptcy Code.

## VI.  CAUSES OF ACTION

### A.  COUNT I – TRANSFER AVOIDABLE UNDER 11 U.S.C. § 547

15. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

16. The Avoidable Transfer is avoidable under § 547 of the Bankruptcy Code. Section 547(b) of the Bankruptcy Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> (1)  to or for the benefit of a creditor;
> (2)  for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3)  made while the debtor was insolvent
> (4)  made—
>
> > (A)  on or within 90 days before the date of the filing of the petition; or
> > (B)  between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5)  that enables such creditor to receive more than such creditor would receive if—

---

[2] To the extent the Trustee learns of additional transfers from the Debtor to Defendant, through discovery or otherwise, the Trustee hereby reserves her rights to amend this Complaint to seek the avoidance and recovery of such transfers.

4

3139674

   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

17. Under § 547(b), the Avoidable Transfer constitutes an avoidable preference because:

  i. the Avoidable Transfer to the Defendant constitutes a transfer of an interest of the Debtor in property;
  ii. the Avoidable Transfer was to or for the benefit of the Defendant;
  iii. the Avoidable Transfer was for or on account of an antecedent debt owed by the Debtor before it made such payments;
  iv. pursuant to section 547(f), the Debtor is presumed to have been insolvent at the time the Avoidable Transfer was made;
  v. the Avoidable Transfer was made between 90 days and one year prior to the Petition Date;
  vi. the Defendant was an insider at the time of transfer;
  vii. The Avoidable Transfer enabled the Defendant to receive more than what it would have received if (i) the case were a case under chapter 7 of the Bankruptcy Code; (ii) the Avoidable Transfer had not been made; and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code; and
  viii. The Avoidable Transfer is based on the Trustee's reasonable due diligence in the circumstances of this Case and takes into account the Defendant's known or reasonably knowable affirmative defenses.

**B. COUNT II – TRANSFER IS RECOVERABLE UNDER 11 U.S.C. § 550**

18. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

19. The Avoidable Transfer is recoverable under § 550 of the Bankruptcy Code. Section 550(a)(1) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from —

5

3139674

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made[.]

11 U.S.C. § 550(a)(1).

20. Under § 550(a), the Avoidable Transfer is recoverable because the Defendant was the initial transferee of the Avoidable Transfer. Moreover, the Avoidable Transfer was made for the benefit of the Defendant.

21. Accordingly, the Trustee is entitled to avoid and recover the Avoidable Transfer from the Defendant under §§ 547 and 550 of the Bankruptcy Code

### VII. CONCLUSION

For the reasons set forth herein, the Plaintiff, Janet S. Casciato-Northrup, the Chapter 7 Trustee, respectfully requests that this Court enter a money judgment in her favor against Daniel McLucas in the amount of $25,000.00[3] pre- and post-judgment interest on all damages awarded hereunder; and grant her all further relief, both at law and in equity, to which she may justly be entitled.

---

[3] To the extent the Trustee learns of additional transfers from the Debtor to Defendant, through discovery or otherwise, the Trustee hereby reserves her rights to amend this Complaint to seek the avoidance and recovery of such transfers.

Dated: July 16, 2025.

Respectfully submitted,

*/s/ Heather H. McIntyre*
Heather H. McIntyre TBN 24041076
hmcintyre@hwa.com
Abdiel Lopez-Castro TBN 24140125
alopezcastro@hwa.com
Beatrice Grevel        TBN 00796677
bgrevel@hwa.com
HughesWattersAskanase, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 590-4200
Facsimile: (713) 590-4230
**ATTORNEYS FOR JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

3139674