IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-31933 |
| BUFFALO BAYOU BREWING | § | |
| COMPANY, INC | § | Chapter 7 |
|    Debtor. | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH
FAUST DISTRIBUTING COMPANY, LLC PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER THE EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Janet S. Northrup, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Buffalo Bayou Brewing Company, Inc. (the "**Debtor**") and files this *Trustee's Motion to Compromise Controversy with Faust Distributing Company, LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**"). In support of the Motion, the Trustee would respectfully submit as follows:

1

## I. PRELIMINARY STATEMENT

1. The Trustee seeks approval of a compromise reached with Faust Distributing Company, LLC ("**Faust Distributing**") related to accounts receivables owed by Faust Distributing to the Debtor. Under the proposed compromise, the Trustee will: (i) receive payment in the amount of $23,538.51 in exchange for certain mutual releases of claims and causes of action held by the parties against one another, subject to certain reservations, and (ii) abandon the Kegs (defined below) pursuant to 11 U.S.C. § 554(a). A detailed description of the proposed compromise is set forth below. **While the parties have agreed to the proposed compromise, the factual recitations set forth herein are solely those of the Trustee and are not necessarily agreed to by Faust Distributing.**

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. CORE PROCEEDING

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the Motion. Further, to the extent that the Court determines that it does not have authority to enter a final judgment on a portion of or the entire Motion, the Trustee requests that the Court issue a report and recommendation for a judgment to the United States District Court for the Southern District of Texas, Houston Division.

## IV. BACKGROUND

4. On April 29, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was subsequently appointed as the Chapter 7 Trustee of the Debtor's estate.

3139648

5. On June 13, 2024, the initial 341 Meeting of Creditors was held.

6. Subsequent to her appointment, the Trustee began an investigation into the Debtor's affairs, including, but not limited to, the collection of outstanding accounts receivable owed to the Debtor. The Debtor's books and records reflected outstanding accounts receivable in the amount of $37,512.36 owed by Faust Distributing related to the receipt and distribution of the Debtor's kegged beer (the "**AR**").

7. Thereafter, the Trustee's counsel sent a demand letter to Faust Distributing requesting payment of the AR. Upon receipt of the Trustee's letter, Faust Distributing's counsel contacted the Trustee's counsel in an effort to resolve the matter.

8. Faust Distributing asserted defenses and its willingness to defend its positions, including possible credits and/or deposits owed to Faust Distributing related to the storage and return of approximately 250 empty beer kegs currently in its possession that it alleges belong to the Debtor (collectively, the "**Kegs**"). Nevertheless, the Trustee and Faust Distributing have explored various options for resolving the dispute without incurring the delays and expenses associated with litigation. After much negotiation and subject to this Court's approval, the parties have reached a comprehensive agreement.

## V. RELIEF REQUESTED

9. The parties, after having engaged in settlement discussions, have agreed to a settlement (the "**Settlement**") of which they now seek Bankruptcy Court approval. Subject to Bankruptcy Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the parties have agreed to enter into the Settlement thereby resolving all disputes between them related to the AR. The terms of the Settlement are as follows:

    (i) The Trustee agrees to compromise the collection of the AR in exchange for a settlement payment of $23,538.51 (the "**Settlement Payment**") to be paid by

      Faust Distributing to the Trustee within ten (10) days after entry of an order approving the Settlement;

  (ii)  The Trustee agrees to abandon the Kegs held in Faust Distributing's possession, wherever they are located;

  (iii)  Upon the entry of an order approving the Settlement, the Settlement Payment may be released to the Trustee and any and all claims of any kind or nature whatsoever, known or unknown, pre- or post-petition, suspected, or unsuspected, fixed or contingent held by Faust Distributing, together with any and all of its affiliates and related entities and its past, present, or future agents, administrators, trustees, predecessors, successors, or assigns against the Trustee and/or the Estate, which are related to the AR, the Kegs or otherwise shall be released and forever discharged; however, to the extent that Faust Distributing has a claim at law or in equity for storage or any other similar costs relating to the Kegs chargeable to a party with a security interest in the Kegs, such claim or claims is hereby expressly reserved by Faust Distributing. Moreover, Faust Distributing shall waive the right to file any claim(s) related to the Settlement Payment pursuant to Sections 502(h) and 553 of the Bankruptcy Code; and

  (iv)  Upon the Trustee's receipt of the Settlement Payment in good funds, any and all claims of any kind or nature whatsoever, known or unknown, pre- or post-petition, suspected, or unsuspected, fixed or contingent held by the Trustee and/or the Estate against Faust Distributing, its past, present, or future agents, employees, shareholders, officers, directors, administrators, trustees, predecessors, successors, or assigns, which are in any way related to the AR and the Kegs shall be released and forever discharged.

## VI. MERITS OF THE SETTLEMENT

10. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The term "fair and equitable" means that senior interests are entitled to priority over junior interests. *TMT Trailer*, 390 U.S. at 441; *AWECO*, 725 F.2d at 298.

11. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors:

  i.  the probabilities of ultimate success should the claim be litigated;

ii. the complexity, expense, and likely duration of litigating the claim;
iii. the difficulties of collecting a judgment rendered from such litigation; and
iv. all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the U.S. Supreme Court in *TMT Trailer*.

12. Although the Trustee bears the burden of establishing that the proposed compromise is in the best interest of the Estate, compromises are a normal part of the bankruptcy process and oftentimes a desirable and wise method of bringing to a close to proceedings that are otherwise lengthy, complicated, and costly. As such, the Trustee's burden is not high. *In re Shankman*, No. 08-36327, 2010 WL 743297, at *3 (Bankr. S.D. Tex. Mar. 2, 2010). The decision to approve a compromise lies within the Court's discretion, and the Court "need not conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *Id.* (*quoting In re Cajun Elec. Power Co-Op, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997)). The Trustee "need only show that . . . [her] decision falls within the 'range of reasonable litigation alternatives.'" *Id.* (internal citations omitted).

13. The proposed Settlement is fair, equitable, and in the best interest of the Estate and its creditors. Additionally, the proposed Settlement is the product of arms-length bargaining and not of fraud or collusion. Accordingly, the Trustee believes that the proposed Settlement satisfies the requirements established by the U.S. Supreme Court in *TMT Trailer*.

### VII. ANALYSIS OF PROPOSED SETTLEMENT

A. **PROBABILITIES OF ULTIMATE SUCCESS**

14. The Trustee has undertaken an investigation of the facts and circumstances surrounding the AR, the various defenses available to Faust Distributing, and the relevant case law. Based upon this investigation and review of applicable law and asserted defenses, the Trustee

has concluded that it is likely that certain of Faust Distributing's potential defenses are valid and they would likely reduce any judgment obtained by the Trustee related to the AR.

15. In order to successfully prosecute an action, the Trustee would be required to file an action against Faust Distributing. The Trustee recognizes that there is always risk associated with litigation. Based upon the facts and the law, the Trustee believes that it is likely that certain of Faust Distributing's potential defenses are valid and they would likely reduce any judgment obtained by the Trustee related to the AR.

16. After considering all of the positives and negatives of the Trustee's position, the Trustee has concluded that the proposed Settlement is a good result for the Estate given the amount of the AR, the potentially applicable defenses, and the resolution reached without the cost of litigation. Through the proposed Settlement and without incurring the legal fees and expenses associated with the litigation required to recover the AR, the Trustee will be paid $23,538.51 for the benefit of the Estate. Thus, in the Trustee's business judgment, the litigation risk associated with meaningful recovery of the AR is high. Accordingly, this factor supports the proposed Settlement.

**B.     COMPLEXITY, EXPENSE, AND LIKELY DURATION**

17. The issues involved with the prosecution of a proceeding to recover the AR would not be extremely complicated and would involve the Bankruptcy Code. The duration of the potential litigation would likely be no less than four (4) to six (6) months, with legal costs and expenses of approximately $10,000.00 to $15,000.00 through any trial of the matter. Ultimately, pursuing litigation would likely result in both sides incurring significant costs, with questionable benefit and uncertain results. Moreover, no allowance has been made for possible appeals or the fees associated with an expert witness. This factor supports approval of the proposed Settlement.

C. **DIFFICULTIES OF COLLECTION**

18. Faust Distributing has not claimed that a judgment against it ultimately could not be collected, and thus the Trustee does not have serious concerns about the collectability of a judgment against Faust Distributing. However, collection efforts would involve costs that would reduce the benefit to the Estate. Thus, this factor supports approval of the proposed Settlement.

D. **OTHER FACTORS**

19. The Trustee believes that the proposed Settlement is equitable and in the best interest of the Estate. By settling this matter, neither of the parties will expend any money litigating the dispute, which will minimize administrative expenses and allow for greater distributions to the creditors of the Estate.

## VIII.  NOTICE OF ABANDONMENT OF ESTATE PROPERTY

20. Notice pursuant to 11 U.S.C. § 554(a) is hereby given that the Trustee intends to abandon the Kegs held in Faust Distributing's possession, wherever they are located.

21. Pursuant to 11 U.S.C. § 554(a), the Trustee may abandon any property of the Estate that is "burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Upon information and belief, the Kegs are personalized with the Debtor's label and branding with no meaningful resale value and thus is of inconsequential value and no benefit to the Estate. The Trustee believes that abandonment is warranted because the costs of retrieving, storing, maintaining, and reselling the Kegs would be burdensome to the Estate and outweigh any meaningful recoverable value. Therefore, abandonment of the Kegs is appropriate pursuant to 11 U.S.C. § 554(a).

22. The Trustee also requests that any person or entity served with this Motion who claims a lien on or interest in the AR and/or the Kegs, other than those described herein, must file

3139648

a written notice with the Court and serve it on the Trustee no later than fifteen (15) days after entry of an Order approving this Motion, or be forever barred from asserting such claim or interest.

## IX.  CONCLUSION

23. For the reasons set forth herein, the Trustee respectfully requests the entry of an order approving the Settlement and granting the Trustee such other relief, both at law and in equity, to which she may justly be entitled.

Dated: August 5, 2025.

Respectfully submitted,

*/s/ Heather H. McIntyre*
Heather H. McIntyre TBN 24041076
hmcintyre@hwa.com
Abdiel Lopez-Castro TBN 24140125
alopezcastro@hwa.com
Beatrice Grevel      TBN 00796677
bgrevel@hwa.com
HughesWattersAskanase, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 590-4200
Facsimile: (713) 590-4230
**ATTORNEYS FOR JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

3139648

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been served on (i) parties receiving ECF notice via ECF in the above-referenced case, (ii) on the parties listed below as indicated, and (iii) on the parties listed on the attached "Master Service List" as indicated on August 5, 2025.

Faust Distributing Company, LLC
c/o Alexander Perez
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, TX 77002
*VIA FIRST CLASS MAIL &*
*EMAIL: arperez@munsch.com*

Capital Assist, LLC
c/o Isaac H. Greenfield
Law Offices of Isaac H. Greenfield, PLLC
2 Executive Boulevard, Suite 305
Suffern, NY 10901
*VIA FIRST CLASS MAIL &*
*EMAIL: info@greenfieldlawpllc.com*

Amur Equipment Finance, Inc.
c/o CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
*VIA FIRST CLASS MAIL &*
*EMAIL: sprfiling@cscglobal.com*

C T Corporation System
c/o WK Lien Solutions
PO Box 29071
Glendale, CA 91209
*VIA FIRST CLASS MAIL &*
*EMAIL: uccfilingreturn@wolterskluwer.com*

Dimension Funding, LLC
c/o Lien Solutions
PO Box 29071
Glendale, CA 91209
*VIA FIRST CLASS MAIL &*
*EMAIL: uccfilingreturn@wolterskluwer.com*

First Corporate Solutions
914 S. Street
Sacramento, CA 95811
*VIA FIRST CLASS MAIL &*
*EMAIL: sprs@ficoso.com*

Frost Bank
c/o Lien Solutions
PO Box 29071
Glendale, CA 91209
*VIA FIRST CLASS MAIL &*
*EMAIL: uccfilingreturn@wolterskluwer.com*

Raistone Purchasing LLC
c/o WK Lien Solutions
PO Box 29071
Glendale, CA 91209
*VIA FIRST CLASS MAIL &*
*EMAIL: uccfilingreturn@wolterskluwer.com*

Secured Lender Solutions, LLC
c/o CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
*VIA FIRST CLASS MAIL &*
*EMAIL: sprfiling@cscglobal.com*

Wells Fargo Bank, N.A.
c/o CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
*VIA FIRST CLASS MAIL &*
*EMAIL: sprfiling@cscglobal.com*

Crestmark Vendor Finance
c/o Lien Solutions
PO Box 29071
Glendale, CA 91209
*VIA FIRST CLASS MAIL &*
*EMAIL: uccfilingreturn@wolterskluwer.com*

Westrock CP, LLC
c/o CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
*VIA FIRST CLASS MAIL &*
*EMAIL: sprfiling@cscglobal.com*

3139648

Macquarie Equipment Capital Inc.
c/o Lien Solutions
PO Box 29071
Glendale, CA 91209
*VIA FIRST CLASS MAIL &*
*EMAIL: uccfilingreturn@wolterskluwer.com*

                                           */s/ Heather Heath McIntyre*
                                           Heather Heath McIntyre

3139648